UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CRAIG M. HENSON,

        Plaintiff,

v.                                                          ACTION NO. 2:22cv252

PHARRELL WILLIAMS, et al.,

        Defendants.

## DISMISSAL ORDER

This matter is before the court pursuant to the court's statutory obligation under 28 U.S.C. § 1915(e)(2) to screen complaints filed by litigants who are proceeding in forma pauperis. This matter is also before the court on the following motions filed by pro se Plaintiff Craig M. Henson ("Plaintiff"):

(i)    Motion to Appoint Counsel ("Second Motion to Appoint Counsel"), ECF No. 21;
(ii)   Motion for Joinder of Claims, ECF No. 23;
(iii)  Motion to Subpoena ("First Motion to Subpoena"), ECF No. 26;
(iv)   Motion to Cease and Desist, ECF No. 30;
(v)    Motion to Subpoena ("Second Motion to Subpoena"), ECF No. 31;
(vi)   Motion to Subpoena ("Third Motion to Subpoena"), ECF No. 33; and
(vii)  Motion for Preliminary Injunction, ECF No. 36.

For the reasons set forth in more detail below, Plaintiff's Second Motion to Appoint Counsel, ECF No. 21, is **DENIED**; Plaintiff's Motion for Joinder of Claims, ECF No. 23, is **GRANTED**; this action is **DISMISSED** with prejudice pursuant to 28 U.S.C.

§ 1915(e)(2); and Plaintiff's remaining motions, ECF Nos. 26, 30, 31, 33, and 36, are **DISMISSED** as moot.

## I. Relevant Background

Plaintiff initiated this action on June 16, 2022, by filing an application to proceed in forma pauperis ("IFP Application"), along with a proposed Complaint and a proposed Motion to Appoint Counsel ("First Motion to Appoint Counsel"). See IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1; Proposed First Mot. Appoint Counsel, ECF No. 1-2. Thereafter, Plaintiff filed more than a dozen proposed submissions with the court. See Proposed Submissions, ECF Nos. 1-3 through 1-18.

In an Order entered on October 27, 2022, the court granted Plaintiff's IFP Application and directed the Clerk to file all of Plaintiff's proposed filings. Order at 1-2, ECF No. 3. The court considered Plaintiff's First Motion to Appoint Counsel and ultimately concluded that Plaintiff failed to establish the exceptional circumstances necessary to justify his request for counsel. Id. at 2. The court denied Plaintiff's First Motion to Appoint Counsel without prejudice. Id.

Upon review of Plaintiff's Complaint and other submissions, the court determined that "it [was] unclear which document Plaintiff intend[ed] to serve as the operative complaint in this action, which individuals and/or entities Plaintiff intend[ed] to

name as Defendants, and which claims Plaintiff intend[ed] to pursue."¹ Id. at 3.

The court ordered Plaintiff to file an Amended Complaint to clarify these issues. Id. The court stated:

> Plaintiff is **ORDERED** to file one Amended Complaint within thirty days of the date of entry of this Order. Plaintiff is **ADVISED** that his Amended Complaint will supersede his initial Complaint and will become the operative complaint in this action. As such, the Amended Complaint must:
>
> (i) be clearly labeled as Plaintiff's Amended Complaint;
> (ii) clearly identify the Defendant(s) against whom Plaintiff intends to assert claims;
> (iii) provide a valid address for each named Defendant;
> (iv) comply with the federal pleading standards set forth in Federal Rules 8 and 10;
> (v) clearly state, with specificity, each claim that Plaintiff intends to assert against each named Defendant;
> (vi) clearly identify a valid basis for the court's jurisdiction over all asserted claims; and
> (vii) clearly set forth all factual allegations upon which each asserted claim is based.

Id. at 3-4 (footnote omitted).

Following the entry of the court's October 27, 2022 Order, Plaintiff filed a Second Motion to Appoint Counsel, an Amended Complaint, a Motion for Joinder of Claims, a First Motion to Subpoena, a Motion to Cease and Desist, a Second Motion to

___

¹ Plaintiff's Complaint identified the named Defendants as Pharrell Williams, Something in the Water LLC, and BWG Live; however, some of Plaintiff's later submissions appeared to assert claims against Pender & Coward, the United States Congress, and the City of Virginia Beach. See Order at 3, ECF No. 3.

3

Subpoena, a Third Motion to Subpoena, and a Motion for Preliminary Injunction. The court addresses all of Plaintiff's filings below.

## II. Plaintiff's Second Motion to Appoint Counsel

In his Second Motion to Appoint Counsel, Plaintiff summarizes the legal issues that he seeks to raise before the court and states that he suffers from physical and mental disabilities that impact his ability to proceed with this action on a pro se basis. Second Mot. Appoint Counsel at 1-21, ECF No. 21.

As the court previously explained to Plaintiff, the appointment of counsel in civil actions is only allowed "in exceptional cases." Order at 2, ECF No. 3 (quoting Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). In determining whether exceptional circumstances exist, courts consider the merits and complexity of the party's case and the ability of the party to adequately present his or her claims. See Goodman v. Johnson, 524 F. App'x 887, 891 (4th Cir. 2013); Ferrer v. Garasimowicz, No. 1:13cv797, 2013 U.S. Dist. LEXIS 139939, at *3 (E.D. Va. Sept. 27, 2013).

Upon review, the court finds that Plaintiff's Second Motion to Appoint Counsel, like his First Motion to Appoint Counsel, fails to establish the exceptional circumstances necessary to justify his request for counsel. See Goodman, 524 F. App'x at 891. Accordingly, Plaintiff's Second Motion to Appoint Counsel, ECF No. 21, is **DENIED**.

### III. Plaintiff's Motion for Joinder of Claims

Plaintiff timely filed an Amended Complaint in response to the court's October 27, 2022 Order. Am. Compl., ECF No. 22. The Amended Complaint identifies Pharrell Williams, Something in the Water LLC, and BWG Live as the named Defendants. Id. at 1-2.

On November 28, 2022, Plaintiff filed a Motion for Joinder of Claims. Mot. Joinder Claims, ECF No. 23. In his motion, Plaintiff asks the court to allow him to add additional claims and an additional Defendant to this action. Id. at 1. Plaintiff attached a copy of a proposed supplemental Complaint ("Supplemental Complaint") to his Motion for Joinder of Claims that identifies the City of Virginia Beach Government as an additional named Defendant. Proposed Suppl. Compl. at 1-14, ECF No. 23-1.

In deference to Plaintiff's pro se status, the court will allow Plaintiff to add the City of Virginia Beach Government as a named Defendant in this action and will consider Plaintiff's additional claims. Accordingly, Plaintiff's Motion for Joinder of Claims, ECF No. 23, is **GRANTED**.

The Clerk is **DIRECTED** (i) to file Plaintiff's Supplemental Complaint, currently docketed at ECF No. 23-1, as a separate entry on the docket of this matter; and (ii) to add the City of Virginia Beach Government as a named Defendant in this action. The court will consider Plaintiff's Amended Complaint and Supplemental

Complaint (collectively referred to herein as Plaintiff's "Consolidated Amended Complaint") to be the operative complaint in this matter.

### IV. The Court's Statutory Screening Obligation

Pursuant to 28 U.S.C. § 1915(e)(2), the court is obligated to review all complaints filed by litigants who are proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2). If, upon review, the court determines that the operative complaint fails to state a claim on which relief may be granted, the court is required to dismiss the action. Id.

In determining whether a complaint states a claim under § 1915(e)(2), courts utilize "the familiar standard for a motion to dismiss" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Sweet v. N. Neck Reg'l Jail, 857 F. Supp. 2d 595, 596 (E.D. Va. 2012) (citation omitted). To survive a challenge under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. Id. Instead, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Further, a court

"is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Pursuant to the screening obligation imposed by 28 U.S.C. § 1915(e)(2), the court reviews the merits of Plaintiff's Consolidated Amended Complaint below.

### A. Plaintiff's Consolidated Amended Complaint

In his Consolidated Amended Complaint, Plaintiff alleges that on April 27, 2019, he attended Something in the Water, a music event held in Virginia Beach. Am. Compl. at 8; Suppl. Compl. at 5. Plaintiff alleges that he attended the event while he was disabled and "under . . . doctor's orders for a spinal cord injury." Am. Compl. at 8.

Plaintiff alleges that he "began having a medical situation" during the event and visited the First Aid Tent for assistance. Am. Compl. at 9; Suppl. Compl. at 6. Plaintiff alleges that he required "EMT services," and was directed by event staff to proceed to another location to receive these additional services. Am. Compl. at 10. Plaintiff alleges that he asked for permission to utilize a "large open path" that provided "easy direct access" to the next location; however, Plaintiff's request was denied and he was required to "go[] around 38,000 people and . . . come up a narrow dark beach" to get to the location.[2] Id. at 10-11.

---

[2] Plaintiff alleges that he uses a mobility device due to his spinal cord injury. Am. Compl. at 8-15; Suppl. Compl. at 5.

7

Plaintiff reached the location, received certain medical services, and was instructed to return to the First Aid Tent to obtain ice packets. Id. at 12.

Plaintiff alleges that shortly thereafter, he was "attacked from behind" by three security guards. Id. at 13. Plaintiff alleges that the security guards considered Plaintiff to be a threat and believed that Plaintiff had a weapon. Id. at 13-14. Plaintiff alleges that he suffered a fractured shoulder as a result of the attack. Id. at 13. Plaintiff further alleges that he was charged with trespassing, but the charges were subsequently dismissed.³ Id. at 14.

Finally, Plaintiff alleges that on May 17, 2022, Defendants "used a picture" that was taken during the Something in the Water event on April 27, 2019, to promote a similar event in Washington, D.C. Id. at 15. Plaintiff alleges that he "can be seen" in the picture "in the moments when [his] medical situation had been beginning for which [his] ADA companion was working on [his] spine to relieve [his] symptoms."⁴ Id. Plaintiff alleges that

---

³ Plaintiff's Consolidated Amended Complaint does not identify the date on which Plaintiff's trespassing charge was dismissed; however, Plaintiff previously filed a copy of a transcript that indicates that the trespassing charge was dismissed following a hearing in the Virginia Beach General District Court on June 12, 2019. See Hr'g Tr., ECF No. 6 at 12-26.

⁴ Plaintiff did not attach a copy of the picture at issue to his Amended Complaint or Supplemental Complaint, nor does the court have any publication of such.

"Defendants unlawfully published [the photo] without [Plaintiff's] consent."[5] Id.

Plaintiff's Amended Complaint does not clearly identify the specific claims that Plaintiff intends to assert against Defendants;[6] however, this pleading contains references to assault and battery, disability discrimination, malicious prosecution, and the unauthorized use of Plaintiff's image. Id. at 8-16. Plaintiff's Supplemental Complaint contains references to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA"), 18 U.S.C. §§ 241 and 242, and an alleged violation of Plaintiff's Eighth Amendment rights regarding "[m]edical [c]are in [c]ustody." Suppl. Compl. at 3. Additionally, Plaintiff's Supplemental Complaint suggests that Defendants acted with "[d]eliberate indifference" toward Plaintiff's "serious medical needs." Id.

Under these circumstances, the court liberally construes Plaintiff's Consolidated Amended Complaint as asserting the following claims against Defendants: (i) claims for constitutional violations under 42 U.S.C. § 1983; (ii) claims for disability

---

[5] See supra note 4 and accompanying text; infra Part IV.B.3.

[6] As explained above, in its October 27, 2022 Order, the court ordered Plaintiff to file an Amended Complaint that "clearly states, with specificity, each claim that Plaintiff intends to assert against each named Defendant." Order at 4, ECF No. 3. Plaintiff's Amended Complaint fails to comply with the court's instructions.

9

discrimination under Title II of the ADA; (iii) claims under 18 U.S.C. §§ 241 and 242; (iv) state law claims for assault and battery; (v) a state law claim for malicious prosecution; and (vi) a state law claim for the unauthorized use of Plaintiff's image.

B. **The Merits of Plaintiff's Claims**

1. **Plaintiff's Claims Under 18 U.S.C. §§ 241 and 242**

As courts have explained, 18 U.S.C. §§ 241 and 242 do not provide for private causes of action. See Walsh v. Logothetis, No. 3:13cv401, 2014 U.S. Dist. LEXIS 7352, at *31-32 (E.D. Va. Jan. 21, 2014). Therefore, the court finds that Plaintiff cannot state a plausible claim for relief against Defendants pursuant to § 241 or § 242.

2. **Plaintiff's § 1983 Claims, ADA Claims, Assault and Battery Claims, and Malicious Prosecution Claim**

Plaintiff's § 1983 claims, assault and battery claims, and malicious prosecution claim are subject to a two-year statute of limitations period. See Demuren v. Old Dominion Univ., 33 F. Supp. 2d 469, 476 (E.D. Va. 1999) (explaining that § 1983 claims are subject to Virginia's two-year statute of limitations for personal injury claims); see also Va. Code Ann. § 8.01 243(A) (providing a two-year statute of limitations period for personal injury claims in Virginia); Davis v. Roessler, No. 1:19cv1254, 2019 U.S. Dist. LEXIS 234148, at *6-7 (E.D. Va. Dec. 10, 2019)

(explaining that a malicious prosecution claim in Virginia is governed by the two-year statute of limitations period for personal injury claims). Plaintiff's ADA claims are subject to a one-year statute of limitations period. See A Soc'y Without a Name v. Virginia, 655 F.3d 342,347-48 (4th Cir. 2011) (finding that "the one-year limitations period in the Virginia Disabilities Act applies to ADA claims brought in Virginia"); see also Malpica v. Kincaid, No. 1:21cv417, 2022 U.S. Dist. LEXIS 29910, at *18 (E.D. Va. Feb. 18, 2022) (noting that claims under Title II of the ADA are governed by a one-year statute of limitations).

Plaintiff's § 1983 claims, ADA claims, and assault and battery claims are based on events that allegedly occurred while Plaintiff attended Something in the Water on April 27, 2019. Am. Compl. at 8-16; see Suppl. Compl. at 3, 5-14. However, Plaintiff did not initiate this action until June 16, 2022, long after the expiration of the statutes of limitation that govern these claims. See IFP Appl., ECF No. 1.

Plaintiff's malicious prosecution claim is based on a trespassing charge that was ultimately dismissed on June 12, 2019. See Am. Compl. at 14; see also Hr'g Tr., ECF No. 6 at 12-26. In Virginia, a claim for malicious prosecution begins to accrue "when the relevant criminal or civil action is terminated." Va. Code Ann. § 8.01-248. Therefore, to be timely, Plaintiff was required

to file his malicious prosecution claim within two years of June 12, 2019. Plaintiff failed to do so. See IFP Appl. at 1-5.

Under these circumstances, the court finds that Plaintiff's § 1983 claims, ADA claims, assault and battery claims, and malicious prosecution claim are time-barred.

### 3. Plaintiff's Claim for Unauthorized Use of Image

Plaintiff also asserts a state law claim against Defendants for the unauthorized use of Plaintiff's image. See Am. Compl. at 15-16. To support this claim, Plaintiff alleges that on May 17, 2022, Defendants "used a picture" that was taken during the Something in the Water event on April 27, 2019, to promote a similar event in Washington, D.C. Id. at 15. Plaintiff further alleges that he "can be seen" in the picture "in the moments when [his] medical situation had been beginning for which [his] ADA companion was working on [his] spine to relieve [his] symptoms." Id. Plaintiff alleges that Defendants published the photo without Plaintiff's consent. Id.

Section 8.01-40(A) of the Virginia Code provides that if a person's picture is used "for advertising purposes or for the purposes of trade," "without having first obtained the written consent of such person," "such person[] may maintain a suit in equity against the person, firm, or corporation so using such person's . . . picture to prevent and restrain the use thereof."

12

Va. Code Ann. § 8.01-40(A). The person "may also sue and recover damages for any injuries sustained by reason of such use." Id.

"However, there are certain exceptions to the general prohibition against appropriation, including an exception for 'uses that are 'incidental' to the purpose of the work.'" Geiger v. Abarca Family Inc., No. 3:21cv771, 2022 U.S. Dist. LEXIS 167087, at *8 (E.D. Va. July 29, 2022) (quoting Williams v. Newsweek, Inc., 63 F. Supp. 2d 734, 737 (E.D. VA. 1999)). This exception has been explained as follows:

> Under the incidental use exception, "[a] publisher only will be liable for the publication of an unauthorized picture if there is a 'direct and substantial connection between the appearance of the plaintiff's name or likeness and the main purpose and subject of the work.'" Id. (quoting D'Andrea v. Rafla-Demetrious, 972 F. Supp. 154, 157 (E.D.N.Y. 1997)). Stated differently, when the use of the image is sufficiently isolated, fleeting, or insignificant, the publishing party will not be liable. Preston v. Martin Bregman Prods., Inc., 765 F. Supp. 116, 120 (S.D.N.Y. 1991).

Id. at *8-9.

Here, although Plaintiff asserts that Defendants unlawfully used his image for promotional purposes, the court finds that Plaintiff's conclusory assertion is not adequately supported by the alleged facts. See Am. Compl. at 15-16; see also Moore v. NCAA, No. 1:21cv1447, 2022 U.S. Dist. LEXIS 113491, at *5 (E.D. Va. June 27, 2022) (dismissing a claim brought pursuant to § 8.01-40 of the Virginia Code after finding that the plaintiff "failed to plead any non-conclusory allegations" to support his

13

claim). For example, Plaintiff does not identify which of the four Defendants allegedly used his image unlawfully. See Am. Compl. at 15-16. Additionally, Plaintiff's description of the picture at issue does not suggest that "there is a 'direct and substantial connection'" between Plaintiff's likeness "and the main purpose and subject of the work."[7] Geiger, U.S. Dist. LEXIS 167087, at *8-9; see Am. Compl. at 15 (alleging only that Plaintiff "can be seen" in the picture "in the moments when [his] medical situation had been beginning for which [his] ADA companion was working on [his] spine to relieve [his] symptoms"). Finally, Plaintiff only seeks monetary relief as to this claim and does not adequately allege that he sustained injuries as a result of the alleged use of the picture. See Am. Compl. at 16 (listing Plaintiff's requested relief); see also Va. Code Ann. § 8.01-40(A) (explaining that a plaintiff may only recover monetary damages for "injuries sustained" as a result of the use of the picture).

For these reasons, the court finds that Plaintiff's Consolidated Amended Complaint fails to allege facts sufficient to state a plausible claim for relief against any Defendant for the

---

[7] As noted above, Plaintiff did not attach a copy of the picture at issue to his Amended Complaint or Supplemental Complaint. See supra notes 4 and 5 and accompanying text. In deference to Plaintiff's pro se status, the court has reviewed all of the various submissions filed by Plaintiff in this matter, some of which contain photographs, and has not uncovered any picture that could reasonably serve as the basis for a claim under Virginia Code § 8.01-40(A).

unauthorized use of Plaintiff's image. See Iqbal, 556 U.S. at 678 (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

### 4. Dismissal Under § 1915(e)(2) With Prejudice

Because the court finds that Plaintiff's Consolidated Amended Complaint fails to state any plausible claims for relief against Defendants, the court further finds that it is obligated to dismiss this action pursuant to 28 U.S.C. § 1915(e)(2). When a district court dismisses an action pursuant to 28 U.S.C. § 1915(e)(2), and "the district court has already afforded [the plaintiff] an opportunity to amend," the United States Court of Appeals for the Fourth Circuit has explained that "the district court has the discretion to afford [the plaintiff] another opportunity to amend[,] or [it] can 'dismiss the complaint with prejudice.'" Smith v. Forrester, No. 4:18cv3317, 2019 U.S. Dist. LEXIS 35042, at *5 (D.S.C. Feb. 6, 2019) (quoting Workman v. Morrison Healthcare, 724 F. App'x 280 (4th Cir. 2018)) (recommending the dismissal of a pro se action under 28 U.S.C. § 1915 with prejudice after the plaintiff, despite receiving an opportunity to amend, failed to state a claim upon which relief could be granted), adopted by 2019 U.S. Dist. LEXIS 33852 (D.S.C. Mar. 4, 2019); see Gooden v. U.S. Navy/U.S. Marine Corps, 791 F. App'x 411, 411 (4th

Cir. 2020) (affirming the district court's dismissal of a pro se action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)).

Here, the court has already provided Plaintiff with multiple opportunities to amend the operative complaint in this action. Despite these opportunities, the court finds that Plaintiff has not stated a plausible claim for relief against any of the named Defendants. The court finds that it would be futile to provide Plaintiff with another opportunity to amend. Accordingly, the court hereby exercises its discretion to **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2) with prejudice.

### V. Plaintiff's Remaining Motions

Because the court hereby dismisses this action in its entirety, Plaintiff's remaining motions, i.e., Plaintiff's First Motion to Subpoena, ECF No. 26, Plaintiff's Motion to Cease and Desist, ECF No. 30, Plaintiff's Second Motion to Subpoena, ECF No. 31, Plaintiff's Third Motion to Subpoena, ECF No. 33, and Plaintiff's Motion for Preliminary Injunction, ECF No. 36, are **DISMISSED as moot**.

### VI. Conclusion

For the reasons set forth above, Plaintiff's Second Motion to Appoint Counsel, ECF No. 21, is **DENIED**; Plaintiff's Motion for Joinder of Claims, ECF No. 23, is **GRANTED**; this action is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2); and Plaintiff's

16

remaining motions, ECF Nos. 26, 30, 31, 33, and 36, are **DISMISSED as moot**.

Plaintiff may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within thirty days of the date of entry of this Dismissal Order.

In addition to the instructions listed above, the Clerk is **DIRECTED** to send a copy of this Dismissal Order to Plaintiff.

IT IS SO **ORDERED**.

July 26, 2023

/s/
Rebecca Beach Smith
Senior United States District Judge